The opinion of the court was delivered by
Trenchard, J.
This writ of certiorari is sued out to test the legality of certain proceedings of Sea Isle City, whereby it attempted to adopt the provisions of an act of tire legislature (Pamph. L. 1906, p. 664) enabling cities other than cities of the first class to construct, purchase or otherwise acquire water works:
Section 15 of that act (Pamph. L. 1906, p. 671) provides that its provisions shall remain inoperative in any city until assented to by a majority of those of the legal voters of such city, who shall vote either for or against the adoption of its provisions, at an election to be held in such city at any time to be fixed by city council.
On August 13th, 1908, the city council of Sea Isle City adopted a resolution providing that an election be held on November 3d, 1908, to vote for or against the construction, purchase or otherwise acquiring water works, &c., as provided for by the act of 1906, and the issuance of bonds not exceeding $50,000.
The ballots provided by the proper officers and used at the election held in pursuance of the resolution, contained printed words “'For — Against,” preceding the words “The construction, purchasing or otherwise acquiring water works” (reciting the language of the resolution, including its concluding words) “and that common council shall cause to be issued bonds to an amount not to exceed the sum of $50,000.”
The election resulted in ninety-five votes being cast in favor of the proposition and ninety votes against it.
Among other reasons for setting aside the proceedings, assigned by the prosecutor, a taxpayer and landowner of the city, is this: That the proceedings are invalid because the proposition submitted to the voters was not the proposition directed to be submitted to them by the act.
*167 We think the proceedings invalid for the reasons tve will now state:
As we have pointed out, section 15 of the act (Pamph. L. 1906, p. 671) provides that the act shall remain inoperative in any city until assented to by a majority of the voters of such city, who shall vote either for or against the adoption of its provision. The section further provides that upon the ballots provided at the election there shall be printed the following words, “Tor a water plant,” and immediately thereunder ihe proposition “Against a water plant,” and the voter may vole to adopt the act by obliterating the second proposition or may vote to reject the act by obliterating the first proposition. The question, therefore, to be presented to the voter was the adoption of the provisions of the act.
Assuming, but not deciding, that there was printed upon the ballots in question matter which, if assented to by a majority of the voters, would result in the adoption of the provisions of the act, yet there was coupled with the proposition thereon printed the question of a bond issue of $50,000.
An examination of the entire act discloses no authority for submitting Llie question of a bond issue to the voters. On the contrary, section 10, as amended by the act of 1907 (Pamph. L., p. 565), provides that it shall be lawful for common council to cause to be issued bonds for the purposes of the act to an amount, to be determined by common council.
The natural effect of coupling with the question of the adoption of the act a proposition for a bond issue to be limited to $50,000 was to mislead the voters, because it tended to delude them into believing that by their voting to issue not more than $50,090 of bonds, common council would be precluded from exceeding that sum, whereas, in fact, under the act council was not so limited.
Moreover, the proposition for the adoption of the act and the question of bond issue were so coupled together as to be;, for voting purposes, inseparable and the voter could not vole for or against one without voting for or against the ether.
Whether the resolution and ballots were faulty in other respects, and whether the notice of the election was sufficient, *168 we have not considered, and with respect thereto express no opinion.
But for the reasons indicated, we think the resolution and all proceedings under it were invalid, and they will be set aside, with costs.